IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCOTT WHITTINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06cv01591 (RJL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b),

to dismiss plaintiff's complaint.

As grounds for this motion, the United States submits that the Court lacks

subject matter jurisdiction over the complaint.

A memorandum of points and authorities in support of this motion and a

proposed order are submitted herewith.

DATE: November 13, 2006.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2009240.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCOTT WHITTINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06cv01591 (RJL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiff seeks damages for alleged unauthorized collection of federal taxes. Plaintiff also seeks "replevin of any and all property" and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

QUESTION PRESENTED

Plaintiff's complaint seeks damages for alleged unauthorized collection of federal taxes from plaintiff. Plaintiff failed to establish that he properly exhausted administrative remedies. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Scott A. Whittington, filed a complaint on September 13, 2006.

2. <u>Relief sought in the complaint</u>. Plaintiff alleges that agents and employees of

the Internal Revenue Service disregarded a laundry list of statutes from the Internal

Revenue Code. (Compl. Counts 1-39.) Plaintiff seeks damages in the amount of

"$10,000 per disregard." (Compl. Remedy Sought at 1.) Plaintiff also seeks "replevin of

any and all property" 1/ and an injunction preventing United States employees from

"further acting in disregard of law or regulation."2/ (Compl. Remedy Sought at 2 & 4.)

---

1/ Plaintiff's replevin action is in reality an action seeking a refund of federal taxes. *See Ross v. United States*, 2006 U.S. Dist. LEXIS 82043 (D.D.C. 2006) (Bates). Because plaintiff fails to allege that he filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction. *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Ross v. United States,* 2006 U.S. Dist. LEXIS 82043 (D.D.C. 2006) (Bates).

Alternatively, if the Court treats plaintiff's replevin action as a tort action, the Court still lacks subject matter jurisdiction. *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan). The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment. *See FDIC v. Meyer*, 510 U.S. 471 (1994). But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax. *See* 28 U.S.C. § 2680. A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency. *See McNeil v. United States,* 508 U.S. 106 (1993); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy,* 757 F.Supp. at 67-68. Plaintiff does not allege that he filed an administrative claim, thus the Court lacks subject matter jurisdiction over his replevin action.

2/ Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

2009240.1

ARGUMENT

I

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seek

damages.  (Compl. generally.)  This Court does not have jurisdiction over plaintiff's

section 7433 claim because he has failed to demonstrate that he filed a proper

administrative claim for damages with the Internal Revenue Service.3/  The party

bringing suit must show that the United States has unequivocally waived its sovereign

immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt*

*v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d

1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.)

provides the predicates for the United States' waiver of sovereign immunity with

respect to suits for wrongful collection actions.  The Court lacks jurisdiction over

plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for

damages for the unauthorized collection of taxes, taxpayers must exhaust their

---

3/ Alternatively, the complaint should be dismissed because plaintiff failed to
state a claim for which relief may be granted.  *See Turner v. United States*, 429 F.Supp.2d
149 (D.D.C. 2006) (Bates); *Ross v. United States*, 2006 U.S. Dist. LEXIS 82043 (D.D.C. 2006)
(Bates).

2009240.1

administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be

awarded under [7433] subsection (b) *unless the court determines that the plaintiff has*

*exhausted the administrative remedies available to such plaintiff within the Internal Revenue*

*Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

     The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The

regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d

125, 127-28 (D.D.C. 2004); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte*

*v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d

1122, 1125-27 (5th Cir. 1992); *Gaines v. United States*, 424 F.Supp.2d 219 (D.D.C. 2006)

(Huvelle); *Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006) (Huvelle); *Holt v.*

2009240.1

*Davidson*, 441 F.Supp.2d 92, 95-96 (D.D.C. 2006) (Urbina); *Koerner v. United States*, 424

F.Supp.2d 213 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 424 F.Supp.2d 230 (D.D.C.

2006) (Huvelle); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005);

*Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries,*

*Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991).4/

Here, plaintiff does not assert that he filed a proper administrative claim for

damages.   Because plaintiff failed to file an administrative claim that complies with the

requirements set forth in the regulation, he has failed to properly exhaust his

administrative remedies and the complaint should be dismissed.   26 C.F.R. § 301.7433-

1(e)(1) and (2); *c.f. Evans v. United States*, 443 F.Supp.2d 17, 22-23 (D.D.C. 2006) (holding

26 C.F.R. § 301.7433-1 to be a reasonable interpretation entitled to deference); *Lohmann*

*v. United States*, 2006 WL 1826770, *3 (D.D.C. 2006) (same); *Broward v. United States*, 2006

WL 1827733, *3 (D.D.C. 2006) (same); *Ting v. United States*, 2006 WL 1774516, * 2-3

---

4/    The United States recognizes that the Court dismissed similar complaints
for failure to state a claim holding that the failure to exhaust administrative remedies
was not a jurisdictional defect.  *See, e.g., Turner v. United States*, 429 F.Supp.2d 149
(D.D.C. 2006) (Bates).  The United States respectfully asserts that when the United States
has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the
court's jurisdiction.  *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United
States, as sovereign, 'is immune from suit save as it consents to be sued *** and the
terms of its consent to be sued in any court define that court's jurisdiction to entertain
the suit.'").   One of the terms of the consent under section 7433 is that the taxpayer must
have exhausted his administrative remedies. And as a term of consent to the waiver of
sovereign immunity, the requirement of administrative exhaustion is by definition a
part of the "court's jurisdiction to entertain the suit."   Therefore, the United States
respectfully requests that the Court consider the statement in *Lehman* and conclude that
section 7433's exhaustion requirement is an element of the United States' waiver of
sovereign immunity, and thus an aspect of subject matter jurisdiction.

(D.D.C. 2006); *Ross v. United States*, 2006 U.S. Dist. LEXIS 82043 (D.D.C. 2006) (Bates) (dismissing similar suit for plaintiff's failure to state a claim for which relief may be granted).

II.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT,
OR MANDAMUS FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiffs also assert jurisdiction for their damages claim under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act and mandamus. (*See* Compl. ¶¶ II.A.-C.) None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes. An action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *See Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished). Sovereign immunity is not waived merely because the action may involve a federal question. *See, e.g., Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Section 1651 of Title 28 does not operate as a waiver of sovereign immunity. *See Benvenuti v. Dept. of Defense*, 587 F.Supp. 348 (D.D.C. 1984). Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its own.5/ *See, e.g., Washington*

_____

5/ Moreover, plaintiff fails to state a claim for which relief may be granted under 28 U.S.C. § 1361. A writ of mandamus may be issued only when plaintiff can show: (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act that the plaintiff requests; and (3) no other adequate remedy is available. *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v.*

*Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996)

(citing other cases).  Thus, the Court lacks subject matter jurisdiction and the complaint

should be dismissed.  *See Ross v. United States*, 2006 US Dist. LEXIS 82043 (D.D.C. 2006)

(Bates).

Plaintiff has failed to demonstrate a waiver of sovereign immunity thereby

establishing the Court's jurisdiction over his section 7433 damages claim.  Therefore, the

Court should dismiss the amended complaint.

IV.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE FOIA OR THE PRIVACY ACT
FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also appears to assert that the Court has jurisdiction under the Freedom

of Information Act ("FOIA") and the Privacy Act.6/  The FOIA provides limited relief to

plaintiffs and limited jurisdiction to courts: a Court may "enjoin the agency from

withholding agency records and . . . order the production of any agency records

improperly withheld from the complainant."7/  Courts have explained that the "FOIA

---

*Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999).  Plaintiff clearly does not meet these
requirements.  For example, plaintiff has an adequate remedy at law.  He can bring suit
under 26 U.S.C. § 7433, which he has arguably pursued in this suit, to address his
allegations of wrongful collection or he can bring suit under 26 U.S.C. § 7422 to address
his prayer for a return of all property.  In either situation, he first needs to exhaust
administrative remedies.

6/  5 U.S.C. § 552 (FOIA); 5 U.S.C. § 552a (Privacy Act).

7/  5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3(A) (Privacy Act) ("[T]he
court may enjoin the agency from withholding the records and order the production to

-7-

merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency.  It does not provide a litigant with other [...] remedies against the United States."8/  Neither the FOIA nor the Privacy Act provide for damages for alleged wrongful collection actions.  *See Ross v. United States*, 2006 U.S. Dist. LEXIS 82043 (D.D.C. 2006) (Bates).

Additionally, in a FOIA action and a Privacy Act action, the only proper defendants are federal departments and agencies.9/  Accordingly, the Court lacks personal jurisdiction over the United States and the complaint must be dismissed.

CONCLUSION

Because plaintiff has failed to properly serve the United States and because the Court lacks jurisdiction over his complaint, the complaint should be dismissed.

//

//

//

---

the complainant of any agency records improperly withheld from him.")

8/  *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998).  This conclusion is further supported by the principle of sovereign immunity.  "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added).  In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

9/  5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.D.C. 1990)).

2009240.1

//
DATE: November 13, 2006.

Respectfully submitted,


 /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov


OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2009240.1

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS

COMPLAINT supporting MEMORANDUM, and proposed ORDER were caused to be

served upon plaintiff *pro se* on the 13th day of November, 2006, by depositing a copy in

the United States' mail, postage prepaid, addressed as follows:

> SCOTT A. WHITTINGTON
> *Plaintiff pro se*
> P.O. Box 2147
> Woodland, Washington 98674

> /s/ Jennifer L. Vozne
> JENNIFER L. VOZNE

2009240.1