UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **SCOTT WHITTINGTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:06-1591 (RJL)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION
(February 12 2007) [#5]

Plaintiff Scott Whittington, proceeding *pro se*, filed the instant action against

defendant United States alleging misconduct by the Internal Revenue Service ("IRS") in the

collection of taxes. Plaintiff seeks declaratory relief that defendant violated Title 26 of the

United States Code, a refund of all taxes paid, damages "in an amount equal to the fine

imposed," and an injunction against the IRS. (Compl. p. 31-32.) Before the Court is

defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons set

forth below, the Court GRANTS defendant's motion to dismiss.

### ANALYSIS

Plaintiff's complaint is one of many nearly identical, boilerplate complaints filed in

our Court by *pro se* plaintiffs under the Taxpayers Bill of Rights ("TBOR"), 26 U.S.C. §

7433, which provides a cause of action, and a waiver of sovereign immunity, for alleged

misconduct by the IRS. Although § 7433 allows for the award of damages, a taxpayer may

not bring suit in federal court until all available administrative remedies have been exhausted. 26 U.S.C. § 7433(d)(1).

Under IRS regulations, a taxpayer alleging misconduct must file an administrative claim prior to filing suit. 26 C.F.R. § 301.7433-1. Specifically, the taxpayer must submit his claim, in writing, "to the Area Director...of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1). The claim must include, *inter alia,* the grounds for the claim, a description of the injuries, and the dollar amount of damages sought. 26 C.F.R. § 301.7433-1(e)(2)(ii-iv). A taxpayer may not file suit until the IRS has issued a decision or failed to act on the claim within six months of the date of filing. 26 C.F.R. § 301.7433-1(d).

Plaintiff implicitly concedes that he has not exhausted his administrative remedies, but argues that his claims falls within the exception that no exhaustion is required where it would be futile, namely where "an adverse decision [is] certain [because] an agency has articulated a very clear position on the issue." (Compl. p. 4) (quoting *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986)). This contention is unavailing as futility is not an exception to the exhaustion requirement set forth in section 7433, and this Court is "not free to carve out exceptions that are not supported by the text." *Turner v. United States*, 429 F. Supp. 2d 149, 152 (D.D.C. 2006).

In addition to 26 U.S.C. § 7433, plaintiff seeks to establish jurisdiction under the Administrative Procedures Act ("APA"), 28 U.S.C. § 1331, the All Writs Act, the Mandamus Act, the Freedom of Information Act, the Privacy Act, the Federal Records Act, and the

2

National Archives Act. (Compl. p. 2-4.) Defendant contends that the exclusivity provision

of 26 U.S.C. § 7433, which provides that section 7433 "shall be the exclusive remedy for

recovering damages resulting from such actions," precludes plaintiff's claims for damages

under any other statutory provision.[1] *See Shwarz v. United States*, 234 F.3d 428, 432-33 (9th

Cir. 2000) (holding that a plaintiff seeking damages based on IRS misconduct "in connection

with any collection of Federal tax" is precluded from bringing a damages action under any

other statutory provision). This Court agrees, and concludes that section 7433 bars plaintiff's

claim for damages under the other statutes referenced by plaintiff. Moreover, the Honorable

John D. Bates of this Court provides further analysis, even beyond the exclusivity provision,

as to why claims for damages based on wrongful collection of taxes are not viable under the

APA, the All Writs Act, the Mandamus Act, FOIA, and the Privacy Act. *Ross v. United*

*States*, No. 06-0963, 2006 U.S. Dist. LEXIS 82043, at *26-36 (D.D.C. Nov. 10, 2006). The

Court adopts that analysis as well.

Plaintiff also seeks "replevin of any and all property taken from plaintiff(s)." (Compl.

p. 32.) Plaintiff's replevin claim is essentially a claim for a refund of taxes paid. *See Ross*,

2006 U.S. Dist. LEXIS 82043, at *36-40. A refund action cannot be maintained, however,

unless the taxpayer has already paid the taxes assessed and filed a claim for a refund. 26

U.S.C. § 7422(a); *Flora v. United States*, 362 U.S. 145 (1960). As plaintiff has failed to

---

[1] An exception to this exclusivity relates to claims brought under 26 U.S.C. § 7432, which is not at issue here.

3

allege that he paid the taxes assessed by the IRS, his claim for a refund cannot be maintained in this Court.

Plaintiff also seeks a determination that the IRS violated provisions of the Internal Revenue Code and implementing regulations thereunder.    The tax exception in the Declaratory Judgment Act ("DJA") specifically bars this court from granting such relief insofar as those declarations are "with respect to Federal taxes."[2]    28 U.S.C. § 2201(a). Because of this express statutory language, this Court has no jurisdiction to grant the declaratory relief requested by plaintiff.

The Court also denies plaintiff's request for injunctive relief.    The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."    The purpose of the Anti-Injunction Act is to afford the Internal Revenue Service the right to prompt collection of taxes without judicial intervention "by requiring that the legal right to the disputed sums be determined in a suit for refund."    *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). The United States Supreme Court has held that federal courts may only grant injunctive relief where (a) "it is clear that under no circumstances could the Government

---

[2] "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

ultimately prevail" and (b) "if equity jurisdiction otherwise exists." *Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976) (quoting *Enochs*, 370 U.S. at 7). Unless both prongs of this test are satisfied, a suit for injunctive relief must be dismissed. *See Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758 (1974). The burden is on the taxpayer to demonstrate why a district court should exercise equity jurisdiction. *Cooper v. United States*, 2005 WL 3462281, at *1 (D.D.C. Nov. 3, 2005).

Here, plaintiff has not satisfied either prong of this test. First, the boilerplate allegations in his complaint lacks any specificity or "personalization" that would lend support to the notion that, "under no circumstances could the Government ultimately prevail." *Enochs*, 370 U.S. at 7. Indeed, the general allegations plaintiff does make are unsubstantiated by actual evidence of governmental wrongdoing as to this plaintiff in particular. Thus, the Court has no reason to believe that the government would be unable to ultimately prevail on the merits. Second, plaintiff has failed to set forth any reason why this Court should exercise equity jurisdiction over his remaining claims. Accordingly, plaintiff's prayer for injunctive relief is dismissed.

## CONCLUSION

For the reasons noted above, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge