**RECEIVED**

MAR 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
### IN THE DISTRICT OF COLUMBIA

Scott A. Whittington,                          No: 1:06cv01591 (RJL)

        Plaintiffs,

  v.                                       **MOTION FOR RELIEF FROM**
                                               **ORDER OF DISMISSAL UNDER**
UNITED STATES (Government),                     **FED.R.CIV.P. 60(b)(3), (6)**

        Defendant.

Plaintiff seeks relief from the Order of February 12, 2007, dismissing the above-captioned action under Fed.R.Civ.P 60(b)(3) and (6).

Fed.R.Civ.P 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ***(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; *** or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff asserts that defendant, by and with the active assistance of counsel, perpetrated a fraud upon the Court, through misrepresentation of fact, law, and legal precedent to obtain the said Order. This motion is supported by recent Supreme Court jurisprudence; by the questions, alternative questions, and supplemental questions presented herein, and discussed more fully in Plaintiff's MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3), (6), (hereinafter, "Relief Memo") and by the Exhibits incorporated therein.

## QUESTION PRESENTED

Did the defendant, by and with the active assistance of counsel, misrepresent the status of the Court's subject matter jurisdiction?

## DISCUSSION

As discussed more fully in Plaintiff's RELIEF MEMO, the Court's *subject matter* jurisdiction was verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[1], decided February 22, 2006, and that precedent was cited by the District Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny.

## QUESTION PRESENTED

Was dismissal on grounds of "failure to state a claim" under Fed.R.Civ.P. 12(b)(6) premature, in the context of "notice pleadings" under Fed.R.Civ.P 8(a), *Conley v. Gibson*, 355 U.S. 41, and Fed.R.Civ.P 12(h)(2)?

## DISCUSSION

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined "essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts."

Plaintiff asserts that the Complaint met the "notice pleading" requirements set

---

[1] *Arbaugh's* effect on "failure to state a claim" is addressed below, and discussed more fully in Plaintiff's RELIEF MEMO, ¶ ____.

forth in Fed.R.Civ.P. 8(a), and *Conley v. Gibson*, 355 U.S. 41[2], and that defendant's

Motion to Dismiss, insofar as it asserted "failure to state a claim", pre-empted the jury's

authority as the "proper trier" of the contested "essential element" of exhaustion of

"*administrative remedies* available " as described in IRC § 7433(d)[3], [4].  Further,

Defendant could not seriously assert prejudice by the jury's trial of the factual

element, since Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a

claim" any time prior to judgment, to wit:

> "A defense of failure to state a claim upon which relief can be granted...may be
> made in any pleading permitted or ordered under Rule 7(a)[5], or by motion for
> judgment on the pleadings, or at the trial on the merits." Fed.R.Civ.P 12(h)(2)
> (emphasis added)

7433(d)'s language - "unless the court determines" - in the common English to

which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861, calls for a

determination of fact; clearly within the province of the jury.  *Arbaugh,* 1240; *Reeves.*

Thus, motion to dismiss on grounds of "failure to state a claim" can be, and, based

upon the Congressional language, is, more properly brought after the Court (see

footnote 7) has had the opportunity to make a factual determination with respect to

---

[2] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a
sufficient [355 U.S. 42] ground for dismissal of the suit, since the
Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his
claim." Pp. 47-48.

[3] Plaintiff asserts that "the court" contemplated in IRC § 7433(d) comprises, for purposes of factual determinations,
both the judge and the jury.

[4] The Congressional language of 7433(d) is further addressed below.

[5] "Pleadings permitted" are limited to "complaint and an answer; a reply to a counterclaim denominated as such; an
answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an
original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is
served. No other pleading shall be allowed, except that the court may order a reply to an answer or a
third-party answer." (Emphasis added)

                       MOTION FOR RELIEF FROM ORDER OF
DISMISSAL UNDER FED.R.CIV.P. 60(b)

exhaustion of <u>available</u> administrative remedies.

## QUESTION PRESENTED

Is defendant, with the active assistance of counsel, "reading into" section 7433 language that Congress had included in TBOR I, totally removed from TBOR II, and intentionally omitted from TBOR III?

## DISCUSSION

TBOR I (1988) expressly withheld jurisdiction in the absence of a prior exhaustion of administrative remedies. TBOR II, Public Law 104-168, 110 Stat. 1465 (1996) specifically removed that prior exhaustion requirement, providing for mitigation of damages in the absence of exhaustion. TBOR III (1998, in Public Law 105-206, §§ 3000, 3102) specified only that "A judgment for damages shall not be awarded under subsection (b) *unless the court determines* that the plaintiff has exhausted the administrative remedies *available* to such plaintiff within the Internal Revenue Service." <u>26 USC § 7433(d)</u> (emphases added).

It appears that defendant's insistence (in the Motion to Dismiss, citing the regulation) that administrative remedies must be exhausted "prior to" commencement of a civil action relies solely upon language removed by Congress in 1996; no such "prior exhaustion" language was added in 7433's current incarnation.

## QUESTION PRESENTED

Is Treasury Decision 9050, 68 FR 14320, Mar. 25, 2003, in merely <u>amending</u> Treasury Decision 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, a reasonable interpretation of P.L. 105-206, § 3102 under the deferential framework of *Chevron U.S. A. Inc. v. Natural Resources Defense Council*, Inc., 467 U.S. 837?

## DISCUSSION

As discussed more fully in Plaintiff's RELIEF MEMO, Plaintiff asserts that Treasury Decision 9050 (the current 26 C.F.R. § 301.7433-1) is 1) an unreasonable interpretation of Public Law 105-206, § 3102; exceeds the authority of Public Law 105-206, § 3102 by reinserting the "may not be maintained" ("prior exhaustion") language of TBOR I; that Treasury Decision 9050  2) impermissibly extends the operation of the exhaustion requirement; that the regulation 3) frustrates Congress' intent in creating, and amending, 7433; and that it 4) effectively converts a "7433 damages" claim into a "7422 refund" claim, effecting an unauthorized "stealth repeal" of TBOR III by regulation.


Based upon the foregoing, Plaintiff respectfully seeks relief from Order of February 12, 2007 dismissing the above-captioned action.

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

Respectfully Submitted

Dated _19 MARCH_____, 2007

_Scott Whittington_ (signature)
Scott Whittington

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Jennifer Vozne
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated ___19 MARCH_____, 2007

_Scott Whittington_ (signature)
Scott Whittington

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Scott A. Whittington,                    )
                                         )
                Plaintiffs,              )        Case No: 1:06cv01591 (RJL)
                                         )
        v.                               )        **MEMORANDUM IN SUPPORT OF**
                                         )        **MOTION FOR RELIEF FROM**
UNITED STATES (Government),              )        **ORDER OF DISMISSAL UNDER**
                                         )        **FED.R.CIV.P. 60(b)(3), (6)**
                Defendant.               )
                                         )

    Plaintiff seeks relief from the Order of  dismissing the above-captioned action

under Fed.R.Civ.P 60(b)(3) and (6).

    Fed.R.Civ.P 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party
> or a party's legal representative from a final judgment, order, or
> proceeding for the following reasons: ***(3) fraud (whether heretofore
> denominated intrinsic or extrinsic), misrepresentation, or other misconduct
> of an adverse party; *** or (6) any other reason justifying relief from the
> operation of the judgment.

    Plaintiff asserts in the Motion that defendant, by and with the active assistance of

counsel, perpetrated a fraud upon the Court, through misrepresentation of fact, law,

and legal precedent, to obtain the said Order.  The motion is supported by recent

Supreme Court jurisprudence; by the questions, alternative questions, and

supplemental questions presented in this MEMORANDUM IN SUPPORT OF MOTION

FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3), (6),

(hereinafter, "Motion") and the Exhibits incorporated herein.

## QUESTION PRESENTED

Did the defendant, by and with the active assistance of counsel, misrepresent the status of the Court's subject matter jurisdiction?

## DISCUSSION

As discussed in Plaintiff's Motion, the Court's *subject matter* jurisdiction was verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), decided February 22, 2006, and that precedent was cited by the District Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny. *Arbaugh* was decided February 22, 2006, and preceded defendant's motion to dismiss, yet defendant, with the active assistance of counsel, presented "lack of subject matter jurisdiction" as a primary ground for dismissal, demonstrating at least minimal contempt for the findings of this Court.

This Court has already determined that "exhaustion" is a factual issue, and, defendant's assertions that Plaintiff "failed" to "demonstrate" exhaustion of remedies will no doubt become part of defendant's ongoing disagreement with the Supreme Court over *Arbaugh,* joined by *Jones v Bock* .

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

Plaintiff asserts that the Verified Complaint met the "notice pleading"

requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S.

41[1], and reiterated in *Jones*.

Writing for the Court, the Chief Justice explained that,

"The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

The *Jones* Court also reiterated:

"Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[2]

and,

"Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant, a fiction of law, is bound by such law, and by the Federal Rules of

Civil Procedure.  Neither the law nor Rule 8 requires Plaintiff to "demonstrate", "plead"

or otherwise "assert" exhaustion; defendant must, in "the usual practice", raise such

matter as an <u>affirmative defense</u>, and "place before the jury sufficient proof to generate

---

[1] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[2] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)

a jury instruction on the particular defense theory sought"[3], and, notwithstanding recent cases dismissing on grounds of "failure to state a claim", the *Arbaugh* Court, citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, reiterated:

> If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts.

The jury is the proper trier, *Arbaugh*; *Reeves*, of the "'short and plain statement of the claim' in a complaint..." Federal Rule of Civil Procedure 8(a); and any affirmative defense, *Jones.*

Pretrial dismissals for "failure to state a claim", pre-empted the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies* available " as described in IRC § 7433(d)[4], [5].

## QUESTION PRESENTED

Is defendant, with the active assistance of counsel, "reading into" section 7433 language that Congress had included in TBOR I, totally removed from TBOR II, and intentionally omitted from TBOR III?

## DISCUSSION

TBOR I (1988) expressly withheld jurisdiction in the absence of a prior exhaustion of administrative remedies. TBOR II, Public Law 104-168, 110 Stat. 1465

---

[3]UNDERSTANDING AFFIRMATIVE DEFENSES, David Beneman, Maine CJA Resource Counsel, Levenson, Vickerson & Beneman

[4]Plaintiff asserts that "the court" contemplated in IRC § 7433(d) comprises, for purposes of factual determinations, both the judge and the jury.

[5]    7433(d)'s language - "unless the court determines" - in the common English to which Chevron U.S.A., Inc. v. NRDC, 467 U.S. 837 (1984) referred, Id., 861, calls for a determination of fact; clearly within the province of the jury. Arbaugh, 1240; Reeves, but only as an affirmative defense. Jones.

(1996) specifically removed that prior exhaustion requirement, providing for mitigation of damages in the absence of exhaustion. TBOR III (1998, in Public Law 105-206, §§ 3000, 3102) specified only that "A judgment for damages shall not be awarded under subsection (b) *unless the court determines* that the plaintiff has exhausted the administrative remedies *available* to such plaintiff within the Internal Revenue Service." 26 USC § 7433(d) (emphases added).

It appears that defendant's insistence (in the Motion to Dismiss, citing the regulation) that administrative remedies must be exhausted "prior to" commencement of a civil action relies solely upon language removed by Congress in 1996; no such "prior exhaustion" language was added in 7433's current incarnation.

### QUESTION PRESENTED

Is Treasury Decision 9050, 68 FR 14320, Mar. 25, 2003, in merely amending Treasury Decision 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, a reasonable interpretation of P.L. 105-206, § 3102 under the deferential framework of *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, Inc., 467 U.S. 837?

### DISCUSSION

As shown in Title 26 of the Code of Federal Regulations, IRS failed to prescribe the administrative procedure necessary to give effect to section 7433, as originally added, for over three years after Congress enacted TBOR I. Treasury Decision 8392, 57 FR 3536, necessary from and after November 10, 1988, was not promulgated until January 30, 1992, and it appears that the regulation was ineffective until February 18, 1992. "Remedy", under the 1988 Act was unavailable until 1992.

In respect of Congress' removal of the jurisdictional prohibition in TBOR II (1996), Plaintiff has been unable to find an amended final regulation, but was able to find the "Notice of proposed rulemaking" discussing TBOR II, attached as Exhibit 1 and incorporated by reference. The "Notice of proposed rulemaking" clearly shows that IRS was aware of Congress' removal of the jurisdictional prohibition.

It must be noted that Treasury Decision 9050, as published, 68, FR 14320, purported to amend Treasury Decision 8392 (the 1992 regulation) indicating that no "final" regulation implementing the 1996 Act (TBOR II) ever became effective.

Treasury Decision 9050 was itself not effective until March 25, 2003, more than four years and nine months after Congress' enactment of P.L. 105-206, § 3102 (TBOR III). In fact, the regulation was not even proposed until March 5, 2002. Federal Register: Volume 67, Number 43, Page 9929-9934. "Remedy", under the 1998 Act was unavailable until 2003.

This period of "unavailability" of administrative remedy provides the context in which the March 25, 2003 version of the regulation re-implements TBOR I's "prior administrative exhaustion" requirement, without the statutory framework necessary to such re-implementation.

Plaintiff asserts that Treasury Decision 9050 (the current 26 C.F.R. § 301.7433-1) is 1) an unreasonable interpretation of Public Law 105-206, § 3102; 2) exceeds the authority of Public Law 105-206, § 3102 by reinserting the "may not be maintained" ("prior exhaustion") language of TBOR I; 3) impermissibly extends the operation of the exhaustion requirement; 4) frustrates Congress' intent in creating, and amending, 7433;

and that it 5) effectively converts a "7433 damages" claim into a "7422 refund" claim, effecting an unauthorized "stealth repeal" of TBOR III by regulation.

THE REGULATION IS AN UNREASONABLE INTERPRETATION

The current regulation requires that an injured Citizen wait up to six months for a ruling on an administrative claim before bringing a civil suit, failing, even under the deferential framework of *Chevron U.S. A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, the standard of reasonable interpretation of a statute, and is intended to frustrate a 7433 Plaintiff, to wit:

Few people, if any at all, could withstand the six month period for reasons known to, and published by, the National Taxpayer Advocate.[6] This half-year waiting period is extreme. In almost every other instance, IRS is limited to (and may limit to) 30 days. Examples include Collection Due Process Hearing requests (30 days, imposed by Congress); pre-Notice of Deficiency letters (30 days); even the opportunity to petition for redetermination of a Notice of Deficiency has a window of only 90 days. Yet IRS chose to give itself 183 days to decide upon an administrative damages claim, asserting, in some instances, the need for time to gather and review its records in relation to the claim. This assertion is clearly shown as false by the sworn testimony of IRS Records Custodian Robert Dean in UNITED STATES OF AMERICA, v. RICHARD MAYNOR BLACKSTOCK, CASE NO. 06-CR-62-TCK[7]. According to Custodian Dean's sworn testimony, IRS can "get access to any records that are filed anywhere in the

---

[6]SEE: excerpts from NATIONAL TAXPAYER ADVOCATE 2005 ANNUAL REPORT TO CONGRESS, attached and incorporated by reference.

[7] See: TRANSCRIPT OF PROCEEDINGS, JUNE 19, 2006, p.4, lines 3 through 10.

United States." Records Custodian Dean's testimony establishes that records can be

"gathered" in a matter of moments, certainly within a day; it is incomprehensible that it

could take an additional 182 days to review those records.

THE REGULATION EXCEEDS THE AUTHORITY OF THE STATUTE

In construing 7433's current incarnation, the starting point must be the language

employed by Congress. In *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997), the Court

stated, as it has before:

> Our first step in interpreting a statute is to determine whether the language at
> issue has a plain and unambiguous meaning with regard to the particular dispute
> in the case. Our inquiry must cease if the statutory language is unambiguous and
> "the statutory scheme is coherent and consistent." United States v. Ron Pair
> Enterprises, Inc., 489 U.S. 235, 240 (1989); see also Connecticut Nat. Bank v.
> Germain, 503 U.S. 249, 253-254 (1992). [519 U.S. 341]

See also: *Reiter v Sonotone Corp.*, 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326

(1979) and the courts must assume that the legislative purpose is expressed by the

ordinary meaning of the words used. *Richards v United States*, 369 US 1, 9, 7 L Ed 2d

492, 82 S Ct. 585 (1962). 7433's current language must ordinarily be regarded as

conclusive, *Consumer Product Safety Comm'n v GTE Sylvania, Inc.*, 447 US 102, 108,

64 L Ed 2d 766, 100 S Ct. 2051 (1980), and unless Congress has clearly indicated that

its intentions are contrary to the words it employed in the statute, this is the ending point

of interpretation. *Fuller v. United States*, 615 F. Supp. 1054 (D.C. Cal 1985; quoting

Richards v. United States, supra.

TBOR III, found in section 3102 of the IRS Restructuring and Reform Act of

1998, specifically omits the "prior exhaustion" requirement previously found in TBOR I.

Section 7433, as re-amended by TBOR III, is <u>silent</u> with respect to bringing or

maintaining a 7433 action.  The revision states no more than "…no judgment shall be awarded unless the Court <u>determines</u> that administrative remedies <u>available</u> have been exhausted."   Treasury Decision 9050 purports to completely thwart the Court's jurisdiction ("no suit may be maintained") in excess of the statutory mandate.  To that extent, the "amendment" of the regulation in Treasury Decision 9050 exceeds the reach of the statute.  (Emphases added)

As noted above, "unless the court determines" relates to a factual issue, within the province of a jury; the factual determination necessarily includes the extent to which any administrative remedy is "available".

AVAILABILITY OF REMEDY

A comprehensive history of IRC § 7433 was published by the American Bar Association, and Plaintiff respectfully directs the Court's attention to what the Bar had to say about the re-amendment:

"[F]ew pro se plaintiffs have actual notice of the process established by Treasury Regulation section 301.7433-1. Congress should understand many people's distrust of the ability of the IRS to proceed with their claims…"

As discussed below, the Bar's recognition that "few pro se plaintiffs have actual notice of the process" directly addresses "availability" of remedy, as shown by IRS' published policy regarding return of amounts unlawfully collected.  Internal Revenue Service Policy P-5-36, published in the Internal Revenue Manual, at 1.2.1.5.9, is to refrain from returning amounts unlawfully collected.  P-5-36 states:

"(1)    Returning money wrongfully collected: This Policy Statement has been revoked."

Thus, even if IRS has collected unlawfully, and knows it, whatever Policy might

have existed was revoked. The administrative remedy of filing a claim to recover

unlawfully collected amounts is clearly unavailable when the Service Policy on such

matters has been revoked.

REGULATION IMPERMISSIBLY CONVERTS DAMAGES ACTION INTO REFUND

ACTION

By requiring that Plaintiff(s) (claimants) place a specific value upon injuries

claimed, the regulation effectively neuters the statutory provision in instances where, as

alleged in Plaintiff(s) complaint, IRS denies a meaningful Collection Due Process

Hearing; a "collection" might not yet have occurred, yet Plaintiff's right to challenge the

existence of the underlying liability - established in the statutory provision

$(6330(c)(2)(B))$ - is thwarted[8].

THE REGULATION FRUSTRATES CONGRESS' INTENT

TBOR I, TBOR II, and TBOR III (RRA '98, § 3102) are testaments of Congress'

awareness that IRS cannot be trusted to administer the tax code without supervision.

Indeed, in the words of former Deputy Assistant Secretary of Treasury Bradford

DeLong, now a Professor at University of California, Berkeley,

> "The IRS's comparative advantage is using random terror to elicit voluntary
> compliance with the tax code…".

Congress intended that Citizens harmed by IRS' legendary disregard of

governing statutes and regulations have an avenue to be made whole. Once again, the

Congressional "key" is availability of the administrative remedy. If the Court makes a

---

[8]Counsel's mischaracterization of the instant case as a "refund" action is specifically addressed
below.

factual determination (province of the jury) that an administrative remedy is effectively

unavailable, it need not be pursued.

The Supreme Court in *Morton v. Ruiz*, 415 U.S. 199 (1974), opined, at 235:

Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required. Service v. Dulles, 354 U.S. 363, 388 (1957); Vitarelli v. Seaton, 359 U.S. 535, 539-540 (1959).

As established in the Code of Federal Regulations, IRS refused to even

establish procedures for four years after the right to bring an action was granted by

Congress, and currently imposes a prohibitive provision omitted by Congress.

Administrative remedy, arguably available in form, is effectively unavailable in

substance, as evidenced by Treasury Inspector General Tax Administration reports,

mandated in RRA '98, section 1102, failing to show a single instance of IRS granting an

administrative claim for damages. The TIGTA Reports, spanning at least 5 years, are

attached and incorporated by reference.

As stated by the *Morton Court*:

The agency power to make rules that affect substantial individual rights and obligations carries with it the responsibility not only to remain consistent with the governing legislation, *FMC v. Seatrain Lines, Inc.*, 411 U.S. 726 (1973); *Dixon v. United States*, 381 U.S. 68, 74 (1965); *Brannan v. Stark*, 342 U.S. 451 (1952), but also to employ procedures that conform to the law. See *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 764 (1969) (plurality opinion).

Treasury Decision 9050 fails to remain consistent with P.L 105-206 section 3102,

*FMC v. Seatrain Lines, Inc.*, *Dixon v. United States*, *Brannan v. Stark*, and the

procedures therein fail to conform to the law. *NLRB v. Wyman-Gordon Co.*

Lack of specific attention to the statutory authorization is especially important in

light of the Supreme Court's pronouncement in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), quoted in *Adamo Wrecking Co. v. United States*, 434 U.S. 275, 287 n. 5 (1978), and cited in *SEC v. Sloan*, 436 U.S. 103 (1978), specifying that factors to be considered in giving weight to an administrative ruling include "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *SEC v. Sloan*, 436 U.S. 103, 117-118.

The regulation itself is the best evidence of "Lack of specific attention to the statutory authorization" (Skidmore) and failure of "thoroughness...in its consideration" (Sloan). In 301.7433-1's subsection (a), "An action for damages...may not be maintained...", notwithstanding Congress' omission of a "prior exhaustion" requirement; paragraph (1) thereof changes, "reckless or intentional actions" to "reckless or international actions..." (emphasis added).

Treasury Decision 9050 fails to remain consistent with P.L 105-206 section 3102; the procedures therein fail to conform to the law, and the regulation fails "all those factors which give it power to persuade." *SEC v. Sloan*, 436 U.S. 103, 117-118.

Reviewing courts are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute. Such review is always properly within the judicial province, and courts would abdicate their responsibility if they did not fully review such administrative decisions. *National Labor Relations Board v. Brown*, 380 U.S. 278, 291-292.

Arbaugh made clear that determination of the fact of exhaustion is within the province of the jury; the fact of availability of remedy must lie with the jury also. Jones make clear that exhaustion need not be pleaded in a complaint, and that lack thereof must be treated as an affirmative defense; upon which the jury may be instructed.

## QUESTION PRESENTED

Was counsel's assertion with respect to the Declaratory Judgments Act (DJA) a fraud upon the Court?

## DISCUSSION

Counsel asserted (and the Court accepted the assertion) that the DJA prohibits the Court from "declaring rights" by determining whether Internal Revenue Service disregarded provisions of law and regulation; the "exclusive remedy" for which Congress enacted the various Taxpayers' Bill(s) of Rights (creating § 7433). However, if counsel's assertions of DJA prohibition are correct, Congress' enactments of TBOR I, TBOR II, and TBOR III were all sham acts, to wit: *If* the DJA prohibits the Court from hearing a case under IRC § 7433 because it would be declaring rights in respect of federal taxes, such prohibition is absolute, and 7433 is and was, from the enactment of TBOR I, and through both amendments, null and void (making counsel's arguments with respect to administrative exhaustion, service of process, etc., so much window dressing to hide the sham).

## ALTERNATIVE QUESTION PRESENTED

Can Congress' enactment of the various Taxpayers Bill(s) of Rights (IRC section

7433) be construed harmoniously with the Declaratory Judgments Act's internal
exception to federal taxes?

## ALTERNATIVE DISCUSSION

The Declaratory Judgments Act was enacted June 25, 1948, ch. 646, 62 Stat.
964; but was based upon title 28, U.S.C., 1940 ed., § 400, and apparently has roots
going back as far as 1911.  DJA's current incarnation has been amended 10 times.

Internal Revenue Code section 7433 was placed into the Internal Revenue Code
as the "exclusive remedy" for IRS disregard of law and regulation by the Taxpayer Bill of
Rights (TBOR I) in 1988, and has been amended twice, in 1996 (TBOR II, Public Law
104-168, 110 Stat. 1465) and most recently in 1998 (TBOR III, included in the IRS
Restructuring and Reform Act of 1998, Pub. Law 105-206).

It is clear that the Declaratory Judgments Act  and the current IRC § 7433
(TBOR III) each affect litigation in respect of federal taxes.  What is not as clear is how
these two Acts of Congress are to be harmoniously construed.  In *Wachovia Bank, N.
A. V. Schmidt* , ___ U.S.___, (04-1186, decided January 17, 2006), the Supreme Court
provided guidance when, citing *Erlenbaugh v. United States*, 409 U.S. 239, 243, 244,
the *Wachovia* Court reiterated the long-standing principle [9] that statutes regarding the
same subject matter should be construed *in pari materia*.

To the extent that IRC § 7433 and the Declaratory Judgments Act both operate
upon the Court's jurisdiction in respect of federal taxes, *Erlenbaugh,* 409 U.S. at 243,  is
instructive:

---

[9]Cases cited in *Erlenbaugh* include *United States v. Freeman*, 3 How. 556, 564 (1845); *United States v.
Stewart*, 311 U.S. 60, 64 (1940).

"a later act [409 U.S. 244] can . . . be regarded as a legislative interpretation of [an] earlier act . . ."

"and 'is therefore entitled to great weight in resolving any ambiguities and doubts.' United States v. Stewart, supra, at 64-65. See also, e.g., Hunter v. Erickson, 393 U.S. 385, 388 (1969); United States v. Freeman, supra, at 565."

The *Erlenbaugh* Court emphasized, at 244:

"The rule is but a logical extension of the principle...that whenever Congress passes a new statute, it acts aware of all previous statutes on the same subject, *cf.* Allen v. Grand Central Aircraft Co., 347 U.S. 535, 541-552 (1954)."

Based upon the foregoing, Plaintiff respectfully asserts that IRC § 7433 (TBOR I, TBOR II, and, material to the instant case, TBOR III) can only be harmoniously construed with the DJA as exceptions to DJA's "federal taxes" prohibition, and that counsel, if not the defendant, knew as much when presenting the motion to dismiss for lack of subject matter jurisdiction under the DJA.

## QUESTION PRESENTED

Was counsel's footnote assertion with respect to the Anti-Injunction Act (AIA) a fraud upon the Court?

## DISCUSSION

Counsel asserted (and the Court accepted the assertion) that the AIA prohibits the Court from enjoining defendant's agents/agency from *further* disregarding statute(s) and regulation(s) in exercising delegated authority. As noted by by the Honorable Colleen Koller-Kotelly in *Larue v. United States*, (DDC 06-61),

The Anti-Injunction Act provides, in relevant part:
Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person

is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

*Larue* also reiterated that the Anti-Injunction Act "could scarcely be more

explicit" (quoting Bob Jones Univ. v. Simon, 416 U.S. 725, 736, 94 S. Ct. 2038,40 L. Ed.

2d 496 (1974)).

Plaintiff specifically alleged in the Verified Complaint that defendant failed to

provide Notice of Deficiency in accordance with IRC § 6212, arguably "within the rubric

of 26 U.S.C. § 6212(a), which states:

> "If the Secretary determines that there is a deficiency in respect of any tax
> imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send
> notice of such deficiency to the taxpayer by certified mail or registered mail. Such
> notice shall include a notice to the taxpayer of the taxpayer's right to contact a
> local office of the taxpayer advocate and the location and phone number of the
> appropriate office."

*Larue v. United States*, (DDC 06-61).

Plaintiff specifically alleged in the Verified Complaint that defendant failed to give

notice of the last day for filing for redetermination of such phantom deficiency in

accordance with IRC § 6213, arguably "within the rubric" (*Larue*) of 26 U.S.C. §

6213(a). Section 6213(a) provides that "[n]otwithstanding the provisions of section

7421(a), the making of such assessment or the beginning of such proceeding or levy

during the time such prohibition is in force may be enjoined by a proceeding in the

proper court[.]" 26 U.S.C. § 6213(a).

Plaintiff specifically alleged in the Verified Complaint that defendant failed to

afford Plaintiff a meaningful Collection Due Process in accordance with IRC 6230/6330.

At least three of the Anti-Injunction Act's exceptions apply to allegations

contained in my Verified Complaint.

Plaintiff contends that defendant's Anti-Injunction Act argument, in the face of clear exceptions to the operation of the AIA, was fraudulently intended to "reinstate" the failed subject matter jurisdiction argument in spite of the Supreme Court's *Arbaugh* decision.

Based upon the foregoing, Plaintiff respectfully seeks relief from Order of dismissing the above-captioned action.

Respectfully Submitted

Dated ___*19 MARCH*___, 2007

Scott A. Whittington

<u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the forgoing on:

Jennifer Vozne
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated ___*19 MARCH*___, 2007